IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD CHERRY                                                                                          PLAINTIFF

vs.                                            Civil No. 4:15-cv-04039

SOUTHERN REFRIGERATED TRANSPORT                                          DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Southern Refrigerated Transport's Motion To Dismiss. ECF No. 8. Plaintiff filed a response to this motion. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendant's Motion To Dismiss (ECF No. 8) be **GRANTED.**

**1. Background**

On April 27, 2015, Plaintiff filed a *pro se* Complaint against Defendant, Southern Refrigerated Transport, alleging discrimination based on race and color. ECF No. 1. On May 28, 2015, Defendant filed a Motion to Dismiss alleging a failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and, alternatively, pursuant to Rule 12(b)(5) for insufficient service of process. ECF No. 8. According to Defendant, Plaintiff's Complaint alleges employment discrimination under Title VII, yet the face of the Complaint demonstrates Plaintiff's employment discrimination claims are time barred because he failed to file his Complaint within 90 days of his receipt of a Notice of Right to Sue letter from the Equal Employment Opportunity Commission. *Id.* In addition, Defendant argues the service documents on file show service on Defendant was not proper. *Id.*

Because this Court finds Plaintiff's employment discrimination claims are time barred, they will only address this issue.

**2. Applicable Law**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). The complaint must have a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128,

2

1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

When it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a 12(b)(6) motion to dismiss. *See Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985).

**3. Discussion**

By way of background, Plaintiff filed his first lawsuit against Defendant on October 15, 2013, alleging race and color discrimination under Title VII. *Cherry v. Southern Refrigerated Transport*, Case No. 4:13-cv-04095 ("*Cherry I*") (ECF. No. 1). In that Complaint, Plaintiff alleged the Equal Employment Opportunity Commission ("EEOC") had issued his Notice of Right to Sue on July 15, 2013, and he attached a copy of the Notice. *Id.*

After Plaintiff failed to comply with an Order compelling discovery, this Court ordered Plaintiff to pay $500.00 in monetary sanctions. *Cherry I* (ECF. No. 50). After Plaintiff failed to comply with an Order of this Court for a second time, this Court recommended Plaintiff's Complaint be dismissed without prejudice as a sanction. *Cherry I* (ECF. No. 58). On April 27, 2015, the Honorable Susan O. Hickey adopted the Report and Recommendation in toto and dismissed Plaintiff's Complaint without prejudice. *Cherry I* (ECF. No. 59).

On the same day *Cherry I* was dismissed, Plaintiff filed this second *pro se* lawsuit (*"Cherry II"*) against Defendant with identical claims of race and color discrimination under Title VII, along with claims for hostile work environment. ECF No. 1. Plaintiff alleged he last worked for Defendant June 17, 2013. *Id.* Plaintiff also attached the same July 15, 2013 Notice of Right to Sue letter to his second Complaint. *Id.*

Pursuant to 42 U.S.C. § 2000e-5(f)(1), an individual seeking to bring a lawsuit under Title VII

must do so within 90 days of receipt of the right-to-sue notice from the EEOC.  "An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge . . . ." *Frazier v. Vilsack*, 419 Fed. Appx. 686, 689-690 (8th Cir. 2011).  This 90 day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC.  *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

As previously stated, the EEOC mailed Plaintiff's Notice of Right to Sue on July 15, 2013. ECF No. 1, Pg. 5.  Assuming three days for receipt, ninety days after that presumed receipt date was October 16, 2013.  Plaintiff's instant Complaint was not filed until April 27, 2015 and therefore was not filed timely.  *Id.*  Furthermore, it makes no difference that Plaintiff's first Complaint was filed timely or that the first Complaint was dismissed without prejudice.  *See Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662 (8th Cir. 1995).   A dismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal, the statute of limitations is deemed not to have been suspended during the period in which the suit was pending.  *See Gerhardson v. Gopher News Co.*, 698 F. 3d 1052, 1056 (8th Cir. 2012).

Because the present action was filed well over 90 days after Plaintiff received his Notice of Right to Sue from the EEOC, Plaintiff's claims are barred by their respective statutes of limitation. *See Nolen v. Ash Grove Cement Corporation, et al.*, Case No. 4:13-cv-4007 (W.D. Ark. 2013).

**4. Conclusion**

Based upon the foregoing, this Court recommends Defendant, Southern Refrigerated Transport's  Motion To Dismiss (ECF No. 8) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in**

4

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 13th day of July 2015.**

                                                                  s/ Barry A. Bryant
                                                                   HON. BARRY A. BRYANT
                                                                   U. S. MAGISTRATE JUDGE